IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DORA BELLAMY,

    *Plaintiff,*

vs.

WAL-MART STORES TEXAS, LLC,

    *Defendant.*

CIVIL NO.
SA-18-CV-0060-XR

## **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion to Compel Defendant Wal-Mart Stores, Texas, LLC's Discovery Responses and Plaintiff's Motion for Spoliation of Relevant Evidence [#30]. The motion was referred to the undersigned for disposition on March 20, 2019 pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. In reviewing the motion, the Court also considered Defendant Wal-Mart Stores Texas, LLC's Response to Plaintiff's Motion to Compel and Motion for Spoliation [#34].

This personal-injury action arises out of an accident in which Plaintiff tripped over a pallet while walking through sliding doors into the garden center at a Wal-Mart in San Antonio, resulting in a knee injury requiring surgery. By her motion, Plaintiff asks the Court for a finding of spoliation of evidence by Defendant and a sanction in the form of an adverse inference jury instruction. Plaintiff believes Defendant destroyed color photographs of the area of the Wal-Mart store in which the accident occurred; the witness statement of the Wal-Mart employee "Nick" who allegedly left the pallet on the floor and was the first employee to respond to Plaintiff's accident; documents signed by Wal-Mart's Asset Protection department regarding a search for any surveillance video of the accident from the store's video cameras; video request

1

forms signed by the store manager related to the surveillance footage; and chain of custody documents related to the search for footage. Plaintiff also seeks an order compelling Defendant to provide more complete Rule 26 disclosures, responses to requests for production, and answers to interrogatories.

The Court held a hearing on the motion on April 4, 2019, at which both parties were present as represented by counsel. At the hearing, the parties informed the Court that "Nick" still works for Wal-Mart and the parties are working together to schedule his deposition. The parties agreed that this deposition could either confirm or call into question the intentional destruction of evidence and the basis of Plaintiff's spoliation motion. Accordingly, as to the spoliation motion, the Court orally dismissed the motion without prejudice to re-urging it after "Nick's" deposition.

As to the incomplete discovery responses, Defendant conceded the deficiency of its responses and agreed at the hearing to provide supplemental disclosures, production, and responses within two weeks, to amend its objections, and to provide Plaintiff with a privilege log of any withheld documents. The Court also orally ordered Defendant to produce discovery in response to Request for Production 30 in modified form as follows: all slip-and-fall accident reports, evidencing any accidents involving customers at the Wal-Mart where the incident occurred, for three years prior to the date of the incident. The parties agreed to the production of these reports in redacted form to protect the privacy of non-party claimants. Additionally, the Court ordered Defendant to produce a map of the Wal-Mart store where Plaintiff's accident occurred, if any such map exists, in response to Request for Production 32 and to withdraw all objections to same.

The parties also informed the Court at the hearing of Plaintiff's upcoming knee surgery in May 2019. The parties agreed to extend the discovery deadline until July 8, 2019 in light of the

surgery. The Court will also recommend that the District Court continue the current August 12, 2019 trial date to a later date after conferring with the parties. The Court now memorializes these oral rulings with these written Orders:

**IT IS HEREBY ORDERED** that Plaintiff's request for a finding of spoliation and a sanction of an adverse inference jury instruction be **DISMISSED WITHOUT PREJUDICE** to refiling a motion after the deposition of "Nick."

**IT IS FURTHER ORDERED** that Defendant supplement its disclosures and discovery responses, amend its objections, and provide Plaintiff with a privilege log as to any withheld documents **on or before April 18, 2019**.

**IT IS FURTHER ORDERED** that, in response to Request for Production 30, Defendant provide redacted versions of all slip-and-fall accident reports, evidencing any accidents involving customers at the Wal-Mart where the incident occurred, for three years prior to the date of the incident on or before **April 18, 2019**.

**IT IS FURTHER ORDERED** that, in response to Request for Production 32, Defendant produce a map of the Wal-Mart where the incident occurred and withdraw all objections to same on or before **April 18, 2019**.

**IT IS FINALLY ORDERED** that the discovery deadline is extended until **July 8, 2019**. In light of this extension, it is **RECOMMENDED** that the District Court continue the August 12, 2019 trial date to a later date after conferring with the parties.

SIGNED this 5th day of April, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE